| | |
|---|---|
| 1 | JAMES J. BROSNAHAN (CA SBN 34555) |
| | JBrosnahan@mofo.com |
| 2 | JUDSON E. LOBDELL (CA SBN 146041) |
| | JLobdell@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California 94105-2482 |
| | Telephone: 415.268.7000 |
| 5 | |
| | JAMES W. HUSTON (CA SBN 115596) |
| 6 | JHuston@mofo.com |
| | MORRISON & FOERSTER LLP |
| 7 | 12531 High Bluff Drive, Suite 100 |
| | San Diego, California 92130-2040 |
| 8 | Telephone: 858.720.5100 |
| | Facsimile: 858.720.5125 |
| 9 | |
| | Attorneys for Defendant |
| 10 | LUCASFILM LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| 14 | RAND INTERNATIONAL, INC., | | Case No. CV-08 -3897-JSW |
| 15 | | Plaintiff, | **DEFENDANT LUCASFILM'S OBJECTIONS TO DECLARATION** |
| 16 | v. | | **OF MARK WORKSMAN SUBMITTED BY PLAINTIFF RAND** |
| 17 | LUCASFILM LTD., | | **INTERNATIONAL IN SUPPORT OF APPLICATION FOR TEMPORARY** |
| 18 | | Defendant. | **RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| 19 | | | |
| 20 | | | Date:   August 22, 2008 |
| | | | Time:   9:00 a.m. |
| 21 | | | Ctrm:   2 |
| | | | Judge:  Hon. Jeffrey S. White |

LUCASFILM'S OBJECTIONS TO WORKSMAN DECL.
Case No. CV 08-03897 JSW
sf-2562945

I.  **INTRODUCTION**

In support of its Application for a Temporary Restraining Order and Preliminary Injunction, Plaintiff Rand International Inc. ("Rand") submitted a single Declaration by its President, Mark Worksman. The declaration of Worksman consists almost entirely of conclusory statements and attorney arguments. Worksman's declaration fails to comply with even the most basic rules of evidence. Indeed, many of Worksman's statements are nothing more than pure speculation, conjecture, or simple rumor. The Ninth Circuit has held that such conclusory statements are insufficient to demonstrate a right to injunctive relief. Moreover, Rand has had more than sufficient time to prepare its application, because the License Agreement it seeks to reinstate was terminated almost two months ago. Worksman's declaration is inexcusable, notwithstanding the fact that the rules of evidence are not strictly enforced in the context of an application for preliminary injunction.

Accordingly, Defendant Lucasfilm Ltd. ("Lucasfilm") respectfully requests that the Court disregard the statements asserted in Worksman's Declaration.

II.  **ARGUMENT**

    A.  **Worksman's Declaration Is Unreliable Because it Fails to Comply With Even the Most Basic Rules of Evidence.**

Under Federal Rule of Civil Procedure 56(e), declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Fed. R. Civ. Pro. 56(e); see also, N.D. Cal. Civ. L.R. 7-5(b) (requiring declarations to comply "as much as possible" with Rule 56(e)). Worksman's declaration fails to adhere to even the most basic requirements under Rule 56(e). *See* Fed. R. Civ. Pro. 56(e). As discussed more fully below, Worksman's declaration consists almost entirely of conclusory statements based on speculation, conjecture or simply rumor. For instance, Worksman declares that "Lucasfilm has taken a different and improper tactic to achieve its goal, this time by attempting to wrongfully terminate the License Agreement." (Worksman Decl. at ¶ 3.) Similarly, Worksman purports to interpret the Licensing Agreement by claiming that Toys "R" Us "was required to purchase [Star Wars products] from Rand." Worksman lacks

1

foundation for any of these statements, and they are nothing more than legal conclusions. These and similar failures are not simply technical, but call into question the reliability of Worksman's statements.

Conclusory statement like Worksman's are plainly prohibited under Civil Local Rule 7-5(b), which provides that declarations "must avoid conclusions and argument." N.D. Civ. L. Rule 7-5(b). In addition, such declarations cannot demonstrate a right to injunctive relief under Rule 65. *See K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087 (9th Cir. 1972) (reversing grant of preliminary injunction when the alleged facts consisted largely of general assertions that were substantially controverted by counter-affidavits); *Make-A-Friend, Inc. v. Bear Mill, Inc.*, 2007 2:07-CU-00276 U.S. Dist. LEXIS 78545 (D. Idaho Oct. 23, 2007) (conclusory declaration regarding goodwill did not establish irreparable harm).

### B. Worksman's Declaration is Replete with Conjecture, Speculation and Hearsay

Worksman's declaration is also riddled with conjecture, speculation and hearsay. For example, Worksman's declaration makes numerous claims related to product testing that are neither based on personal knowledge or expertise, and are therefore unreliable. Worksman claims, for instance, that the testing conducted on Rand's products are "either not accurate and/or deliberately designed to produce unfavorable results for the tested products." (Worksman Decl. ¶ 35.) He also claims that Toys "R" Us used the "wrong tests" on Rand's products. (Worksman Decl. ¶ 57.) Worksman, who was not present during the Toys "R" Us testing, is merely speculating that those tests were deliberately rigged or inaccurate. Moreover, Worksman's declaration does not establish that he understands relevant product safety standards or regulations; he is certainly not an established expert on those issues.

Given his lack of expertise on this topic, Worksman has no basis for making any conclusions regarding product safety testing or standards, including, for instance, whether it was inappropriate to test the rejected Scooters for use by a 200-pound rider. (Worksman Decl. ¶ 51; *see also*, ¶¶ 48-57 (numerous assertions regarding product testing); ¶¶ 87- 88 (comparing the

2

reliability of two testing labs).) Worksman's statements regarding product safety lack foundation, and constitute nothing more than speculation and improper expert testimony.

Worksman's declaration also contains several claims that are mere speculation or, upon closer, are based on blatant hearsay. For instance, Worksman's declaration contains the following claim: "*we have heard* that other licensees of LucasFilm products have recently failed Toys "R" Us testing, but LucasFilm did not immediately terminate those agreements…." (Worksman Decl. ¶ 92 (emphasis added).) The claim is admittedly a rumor that is not supported by evidence. Worksman also claims that Lucasfilm and Toys "R" Us "had entered into *some type* of marketing joint venture and partnership." (Worksman Decl. ¶ 31 (emphasis added).) Again, these statements are simply rumor and speculation. (*See* Worksman Decl. ¶ 31 ("It also appears to Rand…") Similarly, Worksman's claim that Lucasfilm "is now embarking on a campaign to inform our retail customers that our products are not safe" amounts to nothing more than blatant hearsay. (*See* Worksman Decl. ¶ 5.) Worksman has no basis for testifying about conversations in which does not participate. These and similar claims in Worksman's declarations are based on rumor and speculation and are, therefore, inherently unreliable.

Worksman also makes several claims that mischaracterize the facts. For instance, Worksman claims that Lucasfilm has admitted that "it lacks the expertise and ability internally to assess test certifications" (Worksman Decl. ¶ 76), but the letter Worksman cites contains no such admission. (Worksman Decl. at Ex. C.3) Rather, as the letter shows, Lucasfilm properly decided that it would not judge the conflicting reports of outside labs but would require that plaintiff establish the safety of its own products. (*Id.*)

   **C. Rand Could Have, and Indeed Should Have, Complied With Basic Evidentiary Requirements of Rule 56(e).**

Because of the urgency involved and the limited time that TROs remain in effect, courts will often overlook the requirements of Rule 56(e) when considering Motions for TROs. In such circumstances, "a trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Dist. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. Cal. 1984). Here, however, there are no exigent circumstances that

3

justifies Rand's near total reliance on unreliable evidence. Lucasfilm terminated the License Agreement on June 18, 2008. Yet, Rand waited nearly two months to file its motion for a preliminary injunction. During that time, Rand could have, and should have, obtained reliable evidence that complied fully with the requirements of Rule 56(e). As discussed above, Northern District Local Rule 7-5(b) requires that a party comply "as much as possible" with Rule 56(e). *See* Civ. Loc. Rule 7-5(b). Rand chose to completely ignore Civ. Loc. Rule 7-5(b) and Federal Rule 56(e) and instead rely on the self-serving and uncorroborated statements of its President, who testified to facts outside his personal knowledge and expertise. Under these circumstances, the Court should give no weight to the conclusory statements in Worksman's declaration.

### III. CONCLUSION

For the foregoing reasons, Lucasfilm respectfully requests that the Court disregard the Declaration of Mark Worksman.

Dated: August 19, 2008                     MORRISON & FOERSTER LLP

By:  /s/James J. Brosnahan
James J. Brosnahan

Attorneys for Defendant
LUCASFILM LTD.

### GENERAL ORDER 45 ATTESTATION

I, Geoffrey Graber, am the ECF User whose ID and password are being used to file this Notice of Appearance. In compliance with General Order 45, X.B., I hereby attest that Judson Lobdell and James Brosnahan have concurred in this filing.

Dated: August 19, 2008                     MORRISON & FOERSTER LLP

By: /s/ Geoffrey Graber
Geoffrey Graber