KELLEY DRYE & WARREN
JONATHAN COOPERMAN (Admitted *Pro hac vice*)
ELANA GLATT (Admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
jcooperman@kelleydrye.com

BUCHALTER NEMER
A Professional Corporation
RICHARD C. DARWIN (SBN: 161245)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
rdarwin@buchalter.com

Attorneys for Plaintiff
RAND INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAND INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LUCASFILM LTD., <br><br> Defendant. | CASE NO. CV-08-3897-JSW <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO DECLARATION OF MARK WORKSMAN** <br><br> Date: August 22, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. Jeffrey S. White |

**INTRODUCTION**

Defendant, LucasFilm Ltd. ("Defendant" or "LucasFilm"), as part of its opposition to the Plaintiff's, Rand International, Inc. ("Rand International"), motion for injunctive relief, objects to and requests that this Court disregard the Mark Worksman's Declaration in Support of Plaintiff's Ex Parte Motion for Injunctive Relief (the "Worksman Declaration"). In its objections, Defendant argues that this Court should disregard the Worksman Declaration because Defendant

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178

NY01/FLANS/1303048.3
BN 2197908v1

PLAINTIFF'S RESPONSE TO DEFT'S OBJ.
TO WORKSMAN DECL.

claims the declaration contains hearsay, conclusory statements and other statements that do not conform to the rules of evidence.  In essence, the Defendant asks this Court, without citing any case law for support, to apply a heightened standard under Federal Rule of Civil Procedure 56 to the Worksman Declaration.  However, as discussed below, this heightened summary judgment standard is inappropriate in a declaration made in support of a motion for injunctive relief.

Accordingly, Rand International respectfully requests that the Court dismiss the Defendant's objections to the Worksman Declaration.

## ARGUMENT

### I. WORKSMAN'S DECLARATION IS APPROPRIATE FOR INJUNCTIVE RELIEF

#### A. Evidentiary Requirements For a Declaration in Support of Injunctive Relief Are Less Stringent Than For Summary Judgment

Defendant claims Worksman's Declaration fails to meet the requirements under Federal Rule of Civil Procedure 56(e).  Defendant, however, fails to cite any authority which supports its contention that Rule 56(e) should apply.  In fact, there is no such case law -- it is well settled that the requirements of Rule 56(e) are inapplicable to declarations made in support of a motion for injunctive relief.  Westpac Audiotext Inc. v. Wilks, 756 F.Supp. 1267, 1268 (N.D. Cal. 1991), *vacated by stipulation*, 804 F.Supp. 1225 (N.D. Cal. 1992)("[E]videntiary requirements for preliminary injunctions are less stringent than those in motions for summary judgment.").  Indeed, Courts have specifically rejected attempts, like Defendant's, to apply a higher standard.  Cobell v. Norton, 391 F.3d 251, 260-61 (D.C. Cir. 2004); Sierra Club, Lone Star Chapter v. FDIC, 992 F.2d 545, 551 (5th Cir. 1993); 12 Moore's Federal Practice § 65.23 (2004).  Instead, Courts apply a less stringent standard for declarations made in support of motions for injunctive relief because injunctive relief is not a final judgment on the merits and is left to the discretion of the Court, thus application of a summary judgment standard is considered inappropriate. Westpac, 756 F.Supp. at 1268; Cobell, 391 F.3d at 260-61.  Moreover, because of the immediate nature of injunctive relief, Court's will consider inadmissible evidence when reviewing whether the movant will suffer irreparable harm.  Flynt Dist. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178

NY01/FLANS/1303048.3
BN 2197908v1

- 2 -

PLAINTIFF'S RESPONSE TO DEFT'S OBJ. TO WORKSMAN DECL.

1  Here, Defendant argues that this Court should apply the more stringent Rule 56(e)
2  standard to the Worksman Declaration solely because "there are no exigent circumstances that
3  justifies Rand's near total reliance on unreliable evidence." (Def. Memo at 3 – 4.) This argument
4  is misplaced as there is no requirement that Plaintiff must demonstrate exigent circumstances.
5  Defendant further argues that it terminated the License Agreement on June 18, 2008, therefore
6  Rand had plenty of time to obtain any reliable evidence that it may have needed to comply "fully
7  with the requirements of Rule 56(e)." (Def. Memo at 3 – 4.) However, upon learning of
8  LucasFilm's termination, Rand International, rather than commencing a lawsuit, began the
9  process of testing its products which had purportedly failed the Toys-R-Us/Bureau Veritas tests.
10 (Worksman Decl. at ¶ 85.) Rand International has spent the last two months actually seeking to
11 resolve the dispute without litigation. In such, Defendant is wrong that Rule 56(e) would apply to
12 declarations made in support of motions for injunctive relief.

**B.   Courts May Consider Declarations That Contain Inadmissible Evidence, Including Hearsay Evidence**

Defendant also objects to the Worksman Declaration, claiming it contains "conjecture, speculation and hearsay." (Def. Memo at 2.) This objection is also unavailing. Courts have routinely permitted hearsay, as well as other evidence that may be considered inadmissible, to support a request for a preliminary injunction. Cobell, 391 F.3d at 260-61; Sierra Club, 992 F.2d at 551 (district court may rely on otherwise inadmissible evidence in preliminary injunction stage). Indeed, the Ninth Circuit, in K-2 Ski Company v. Head Ski Co., Inc., 467 F.2d 1087 (9th Cir. 1972), a case relied on by the Defendant, held that the Court may consider an affidavit of general statements as long as the movant makes a "showing sufficient to demonstrate that he will probably succeed on the merits." K-2 Ski Company, 467 F.2d at 1089. As demonstrated in Rand International's moving and reply submission, Rand International meets this standard.

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178

NY01/FLANS/1303048.3
BN 2197908v1

- 3 -

PLAINTIFF'S RESPONSE TO DEFT'S OBJ. TO WORKSMAN DECL.

## II. THE MAJORITY OF THE DECLARATION IS NOT CONTESTED; DISREGARDING THE WORKSMAN DECLARATION IN ITS ENTIRETY WOULD BE UNFAIR TO RAND INTERNATIONAL

Defendant only points to nineteen (19) paragraphs, out of a one hundred and five (105) paragraph declaration, that allegedly contain statements that are conclusory, speculative or otherwise inadmissible. According to Defendant, this Court should disregard the entire Worksman Declaration. Defendant does not cite to any authority for the Court to take such a drastic measure and ignores that such an action would be unfair and highly prejudicial. In fact, the majority of the Worksman Declaration contains his personal knowledge as a senior officer of Rand International, his knowledge of the relevant dealings with which he was intimately involved and correspondence which he either was part of or saw. There is, accordingly, no good reason to disregard the entire Declaration. This is particularly so given that, as discussed above, Court's routinely allow such statements in declarations submitted in support of injunctive relief.

## **CONCLUSION**

For the foregoing reasons, Rand International respectfully requests that the Court dismiss Defendant's objections to the Declaration of Mark Worksman.

Dated: August 20, 2008

BUCHALTER NEMER
A Professional Corporation


By: _____/s/_____
RICHARD C. DARWIN
Attorneys for Plaintiff
RAND INTERNATIONAL, INC.

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178

NY01/FLANS/1303048.3
BN 2197908v1

- 4 -

PLAINTIFF'S RESPONSE TO DEFT'S OBJ. TO WORKSMAN DECL.