IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAND INTERNATIONAL, INC.,

  Plaintiff,           No. C 08-03897 JSW

  v.

LUCASFILM LTD.,          **TENTATIVE RULING AND QUESTIONS**

  Defendant.
_____/

  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 22, 2008 AT 9:00 A.M.:

  The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

  The Court **tentatively DENIES** Plaintiff's *ex parte* application for a temporary restraining order.

The parties shall each have 25 minutes to address the following questions:

1. The initial reasons given for LucasFilms' termination of the License Agreement were failed tests for the scooter and the bicycle.
   a. If the scooter at issue was designed for children ages 5-14, why is the 100-pound limit appropriate for Rand International's testing?
   b. Is there any indication on the scooter itself of a 100-pound limit for its riders? Where is the warning affixed? (*See* Worksman Declaration, Ex. W.)
   c. What is the difference in the testing protocol between the scooter's failed test (Anderson Declaration, Ex. 7) and the later passing test (Worksman Declaration, Ex. K.3)?
   d. If the independent testing agency explained that the lead paint testing for the bicycle at issue tested black paint scraped from different parts of the bike and then mixed together, how does Rand maintain that the test was invalid due to uniformity of lead content throughout the tested paint? Does Rand still maintain that the test was defective considering their own finding of lead content on the bicycle?
   e. What is the difference in the testing protocol between the bicycle's failed test (Anderson Declaration, Ex. 7) and the later passing test (Worksman Declaration, Ex. L)?

2. In his declaration in support of LucasFilm's opposition, Howard Roffman states that Mark Worksman of Rand International informed him that there were several e-mails from Bureau Veritas indicating that their own test results, including the lead paint failure, were incorrect. (Roffman Decl., ¶ 26, Ex. 4 at 2.) Do such e-mails exist and, if so, can they be brought before the Court?

3. Considering that the test on the bicycle indicated lead content and that Rand International has claimed it has sold the bicycles with different logos on it by re-labeling the merchandise, what is the admissible evidence that Rand International will suffer irreparable harm if the temporary restraining order is denied? Are the self-serving statements of Rand's president about possible damage to the company's goodwill or reputation sufficient?

4. Rand International maintains that LucasFilm still lacks good cause to terminate after they have themselves found lead paint on the bicycle because the breach of the agreement is curable. (*See* Worksman Declaration, Ex. A at ¶ 14.2.1(d).) With notice of the original problem on June 18, 2008, how can Rand International contend that this allegedly curable breach has in fact been cured within 20 days as required by Paragraph 14.2.2(b) of the License Agreement?

5. On what authority does Rand International claim that Mr. Worksman's unsupported statements about the alleged pretext of LucasFilm's termination of the License Agreement are admissible?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: August 21, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2